James SIMONS, Mayor, and Willard W. TAYLOR,
L. C. HENDRIX, William S. WALTERS,
Melvin PIERCE, Riley BROWN, and
Austin SMOTHERS, Aldermen, all of
CENTRAL CITY, ARKANSAS *v*. Clarence DAVIS,
in his own behalf and on behalf of
all other signed petitioners similarly situated

77-384                                           566 S.W. 2d 730

Opinion delivered May 30, 1978
(In Banc)

*Batchelor & Batchelor,* by: *Fines F. Batchelor, Jr.,* for appellants.

*Hal W. Davis,* of *Walters & Davis,* for appellees.

GEORGE HOWARD, JR., Justice. We are to decide whether the trial court committed reversible error in holding that appellees' petition to the mayor and councilmen of the Town of Central City requesting an immediate special election to determine whether the Town's charter should be surrendered was proper, valid and conformed to the requirements under Act 22 of 1883; and that Act 22 of 1883 had not been repealed by Act 224 of 1957.

## THE FACTS

An unverified petition purporting to contain the signatures of forty-six residents of Central City was filed with the Mayor and Council of Central City requesting an immediate special election to determine whether the corporate charter of the town should be surrendered. When the officials of Central City refused to respond affirmatively to appellees' demand, a petition for a writ of mandamus was filed in the Circuit Court of Sebastian County, praying for an order of the court requiring the town officials to act on appellees' petition.

Among other things, the town officials, in responding to the mandamus action, alleged that the law under which appellees-petitioners were pursuing the matter, namely, Act 22 of 1883, had been repealed by Act 224 of 1957, and consequently, petitioners were pursuing the matter illegally; and that appellees-petitioners had failed to establish that the signers of the petition were qualified electors. *Inter alia,* appellees-petitioners responded by asserting that it was the duty of appellants to determine to their satisfaction if the signers of the petition were qualified electors and not the duty of the petitioners; and that Act 22 of 1883 had not been repealed by Act 224 of 1957.

## HOLDING OF THE TRIAL COURT

1.   Act 224 of 1957 did not repeal by implication Sec. 2 of Act 22 of 1883.

2.   Petitioners have presented a valid petition under Sec. 2 of Act 22 of 1883.

3.   Sec. 2 of Act 22 of 1883 is constitutional.

"IT IS ORDERED AND DECREED that the Mayor and Aldermen of Central City immediately submit question of surrender of charter to qualified electors of said Municipal Corporation to be held for that purpose after notice of election is given as required by law."

## THE DECISION

In relevant part, Act 22 of 1883 is as follows:

"Sec. 2.   That whensoever one hundred qualified electors of any city of the second class, or twenty-five qualified electors of any incorporated town, shall petition the city or town council thereof asking the surrender of the charter of said municipal corporation, it shall be the duty of said city or town council, immediately to submit the question whether such surrender shall be made to the qualified electors of said municipal corporation, at an election to be held for that purpose, after having given notice of such election . . ."

Act 224 of 1957, in material part, reads as follows:

"SECTION 1.   That Section 2 of Act 22 of 1883 . . . is hereby amended to read as follows:

" 'SECTION 2.   The Charter of any town that has become inactive as an incorporated place for five (5) years, or longer, shall be revoked by order of the County Court of the County in which said incorporated town is located.

When the County Court revokes the Charter of an

incorporated town, the Court shall order the Clerk of said Court to make out and certify under his Official Seal a transcript of said order which said Clerk shall forward to the Secretary of State to be kept on file in his office.' "

We are persuaded that Act 224 of 1957 expressly repeals Sec. 2 of Act 22 of 1883, for this conclusion is inescapable from the plain meaning of the language contained in Section 1 of Act 224 of 1957, which specifies that Section 2 of the Act of 1883 "is hereby amended to read" that the charter of any town that has become inactive as an incorporated place for five years or longer, shall be revoked by order of the County Court of the county in which said incorporated town is located.

In *Brockman* v. *Board of Directors of Jefferson County Bridge District*, 188 Ark. 396, 66 S.W. 2d 619, we made the following observation:

" 'There are two ways of repealing a statute or part thereof; one is by express terms, the other by necessary implication. The question of repeal is one of intent, and must be solved by determining as near as may be the intent of the Legislature.' "

It is clear from the provisions of Act 224 of 1957, that it was the intent of the Legislature to repeal Section 2 of Act 22 of 1883. We are further persuaded that Act 224 of 1957 sets out the exclusive procedure for surrendering a town's charter. Therefore, it goes without saying that it is our view that Amendment 7 to the Arkansas Constitution dealing with the initiative and referendum has no relevance to the surrender of a town's charter.

Inasmuch as petitioners did not invoke the procedure under Act 224 of 1957, and there is no evidence to show applicability of that Act we, therefore, reverse.[1]

---

[1]The record reflects that Central City was incorporated October 17, 1973, thus it is readily obvious that petitioners had no standing to invoke the provisions of Act 224 of 1957.

Although we reverse the action of the trial court for the reason previously stated, it may be well that we point out that petitioners who seek to have a town's charter surrendered have the burden of proof to demonstrate that the signers of a petition are qualified electors.

Reversed and dismissed.

BYRD, J., dissents.