The Honorable Railey Steele State Representative P.O. Box 28 Gentry, AR 72734-0028
Dear Representative Steele:
This is in response to your request for an opinion on the following two questions:
 (1) What steps can and must be taken, if any, to dissolve an Incorporated Town?
 (2) Taking into consideration the fact that a Councilman can be appointed to replace the absent clerk/recorder under the following statutes, to wit: A.C.A. Sections 14-42-103, 14-45-103, and/or 14-45-107, can one of the remaining aldermen serve as both a voting alderman and also as Town Clerk/Recorder without violating the provisions of A.C.A. Section 14-42-107 in order that City business may be conducted as usual?
In response to your first question, an incorporated town may surrender its charter in accordance with the procedures set forth in A.C.A. §§ 14-39-101 through -111 (1987), which have been held to be the exclusive procedures for such surrender. See Simonsv. Davis, 263 Ark. 574, 566 S.W.2d 730 (1978). Pursuant to A.C.A. § 14-39-102(a) (1987), it appears that the charter of an incorporated town may be revoked by the county court either on its own motion due to inactivity for a period of five years, or upon petition by the prosecuting attorney of the county, upon finding that the town will no longer be in existence. When the county court has made such an order pursuant to § 14-39-102, the charter and all amendments thereto shall be deemed to be surrendered and repealed and shall then cease to exist. See
A.C.A. § 14-39-103(a)(1) (1987). Subsequent provisions address other procedures to be followed in connection with the surrender of such a charter.
With respect to your second question, it is my opinion that for one of the remaining aldermen to serve as both a voting alderman and town clerk/recorder would violate A.C.A. § 14-42-107(a)(2) (1987), which prohibits an alderman from being appointed to any municipal office during the term for which he has been elected, except as provided in that subtitle. I have found nothing in that subtitle authorizing the proposed dual service. While A.C.A. §14-45-107(b) would appear to allow an alderman to serve as recorder/treasurer when that officer fails to attend a meeting, it only authorizes such service for the time being, such as for that particular meeting. The provision does not, in my opinion, provide authority for appointment of an alderman to the position for any length of time. The vacancy created by the resignation of the town clerk/recorder should be filled in accordance with the general provisions governing the filling of vacancies on the town council. See A.C.A. § 14-45-105 (1987). See also A.C.A.14-42-103 (1987) (generally governing vacancies in municipal offices). Please be advised of § 14-42-103(a)'s requirement that vacancies be filled by a majority vote of a quorum of the whole number of the governing body, which has been discussed in previous opinions of this office. See Opinion No. 90-028, a copy of which is attached.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh