The Honorable Dave Bisbee State Representative 174 Pyramid Drive, Rt. 1 Rogers, Ar 72756
Dear Representative Bisbee:
This is in response to your request for an opinion regarding a petition by citizens of Bethel Heights seeking to dissolve the incorporated town. You have basically asked what laws apply and how to proceed in the matter.
As I recently pointed out in Opinion No. 93-413, a copy of which is attached, the procedure to be followed in connection with the dissolution of an incorporated town is set out in A.C.A. 14-39-101 through -111 (1987). Section 14-39-101
provides:
 The charters, and all the amendments thereto, of all municipal corporations within this state designated as cities of the second class and incorporated towns may be surrendered, all offices held thereunto abolished, and the territory and inhabitants thereof remanded to the government of this state in the manner provided in this chapter.
Section 14-39-102 provides, in pertinent part:
 (a)(1) The charter of any incorporated town or city of the second class that has been inactive as an incorporated place for five (5) years or longer shall be revoked by order of the county court of the county in which the incorporated town or city of the second class is located.
(2) Upon petition by the prosecuting attorney of the county, the county court of the county may make and enter an order revoking any charter of an incorporated town or city of the second class upon a finding that the town or city will no longer be in existence.
As I noted in Opinion 93-413, when the county court has issued an order pursuant to 14-39-102, the town's charter and all amendments thereto shall be deemed to be surrendered and repealed and shall then cease to exist. See A.C.A.14-39-103(a)(1) (1987). Subsequent provisions address other procedures to be followed in connection with the surrender of such a charter.
In Simons v. Davis, 263 Ark. 574, 566 S.W.2d 730 (1978), the Arkansas Supreme Court ruled the procedure described in14-39-102(a)(1) to be the exclusive procedure for the surrender of a town's charter and stated that the initiative and referendum process no longer has any relevance thereto. While the language of subsection (a)(2) of 14-39-102 was added in 1983, after the court's decision in Simons v. Davis, see Act 185 of 1983, Section 14-39-102 would still appear to provide the exclusive procedures for the surrender of the charter of an incorporated town. Accordingly, it is my opinion that, rather than proceeding by way of a petition, the citizens of Bethel Heights must proceed in accordance with 14-39-102, et seq., to accomplish the surrender of the town's charter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
Enclosure