Hubert Lee PATRICK, Jr. *v.* STATE of Arkansas

CR 78-213                    576 S.W. 2d 191

Opinion delivered March 19, 1979
(In Banc)

*Guy Jones, Jr.,* for petitioner.

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for respondent.

JOHN A. FOGLEMAN, Justice. Petitioner Hubert Lee Patrick, Jr. was charged with the offense of murder in the second degree under Ark. Stat. Ann. § 41-2206 (Repl. 1964) by information filed by the prosecuting attorney on September 15, 1978. He was charged with having beaten the head of Charles W. Fitzgerald against a concrete wall on the 5th day of July, 1973. It was also alleged in the information that Fitzgerald died on January 20, 1974 as a result of this beating. Patrick's motion to dismiss on the ground that prosecution was barred by the statute of limitations was denied by the trial court. Thereafter, Patrick filed this petition upon the same ground. We find that the circuit court lacks jurisdiction because of the bar of the statute of limitations and that the writ should be granted.

Of course, the alleged offense must be prosecuted under § 41-2206 because both the beating and the death were alleged to have occurred before the effective date of the Arkansas Criminal Code. Prior to the adoption of the code, the statute of limitations on the prosecution of murder in any degree was governed by Ark. Stat. Ann. § 43-1602 (Repl. 1977) since it was a felony not "punishable with death." See Ark. Stat. Ann. § 41-2228 (Repl. 1964). The sole question on this appeal is the effect of the provisions of the Arkansas Criminal Code on this statute of limitations. If the statute of limitations applicable under this code applies, this prosecution is not barred. See Ark. Stat. Ann. § 41-104 (Repl. 1977). If it does apply, then § 43-1602 governs and the trial court is without jurisdiction of the alleged offense. *Savage* v. *Hawkins,* 239 Ark. 658, 391 S.W. 2d 18.

Ark. Stat. Ann. § 41-102 (3) (Repl. 1977) provides that the provisions of the Arkansas Criminal Code do not apply to the prosecution for any offense committed prior to the effective date of the code, i.e., January 1, 1976. Ark. Stat. Ann. § 41-101 (Repl. 1977). Sec. 41-102 (3) further states that such an offense shall be construed and punished in accordance

with the law existing at the time of the commission of the offense. Although there is a provision that a defendant in a prosecution for an offense committed prior to the effective date of the code may elect to have the construction and application of any defense to the prosecution governed by code provisions, the state has no election. Ark. Stat. Ann. § 41-102 (4) (Repl. 1977). Patrick has not made this election. Furthermore, the statute of limitations is not a defense under the code. See Ark. Stat. Ann. § 41-110(3), -104 (Repl. 1977). Thus the statute of limitations in the code clearly is jurisdictional, as were its predecessors, but it has no other role.

When we view the plain language of the Criminal Code sections above cited, it seems quite clear the new statute of limitations had no application to this prosecution. This view is consistent with the fact that there has been no specific repeal of § 43-1602. Hundreds of other sections were repealed by Act 928 of 1975, the principal purpose of which was to "Clarify the Effect of the Arkansas Criminal Code upon certain Statutes." That act was expressly made effective on the effective date of the code. If the General Assembly had intended that the preexisting statute of limitations on the prosecution of felonies be superseded by the code provision, it would have been a very simple matter to have included § 43-1602 in the list of statutes repealed. The general repealer in Act 280 of 1975 does not eliminate § 43-1602 because there is no irreconcilable conflict when that section is applied only to offenses committed before the effective date of the Arkansas Criminal Code. If it were applicable to offenses committed after the effective date of the code, there would be an irreconcilable conflict, but this is not the case.

Both parties find support for their views in the commentary to § 41-104. It appears to us to be strictly neutral on the question presented here. In any event, we have previously said that, even though we find the commentary a highly persuasive aid to construction of the code, it cannot be controlling over the clear language of the statute. *Britt v. State,* 261 Ark. 488, 549 S.W. 2d 84. The language here is so clear that resort to statutory construction "crutches" is inappropriate.

The temporary writ of prohibition heretofore granted is made permanent.