The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611
Dear Senator Bradford:
This is in response to your request for an opinion on whether Senate Bill 457, which amends the "Arkansas Public School Choice Act of 1989" in any way repeals any previously enacted legislation regarding school transfers.
It is my opinion that the answer to your question is "no."
As noted above, Senate Bill amends the "Arkansas Public School Choice Act of 1989" which is codified at A.C.A. § 6-18-206. Specifically, Senate Bill 457 amends subsection (b)(1)(A) of the statute. This subsection currently requires, in order to take advantage of the statute, the filing of a petition by the student's parent or guardian with the nonresident school district by April 17 of the year in which the student would begin the fall semester. Senate Bill 457 amends A.C.A. § 6-18-206 (Cum. Supp. 1991) by restating the entire statute with the addition of one sentence in subsection (b)(1)(A). Senate Bill 457 adds a sentence to this subsection which states that "[h]owever, the nonresident district may accept applications after this date [April 17] if a later acceptance date would further the desegregation efforts of the district." Senate Bill 457, Section 1.
Section 4 of Senate Bill 457 provides that: "All laws and parts of laws in conflict with this act are hereby repealed." Your question with reference to these facts is whether Senate Bill 457 would in any way repeal any previously enacted legislation regarding school transfers.
As noted above, it is my opinion that the answer to your question is "no."[1]
There are currently, according to my research, three separate methods or avenues for effecting school "transfers." The first is the "Arkansas Public School Choice Act of 1989" discussed above, which allows a student's parent or guardian to petition the nonresident district for admission. The nonresident district must then make a decision, based upon specific standards, as to whether the student may be granted admission.[2] The second avenue of student transfer is a "legal transfer" authorized at A.C.A. § 6-18-316 (Cum. Supp. 1991), whereby two school districts, upon petition of a student, may enter into an agreement transferring the student. The third avenue of student transfer is found at A.C.A. § 6-18-307, and is authorized where a student lives at least fifteen miles from the school in his resident district, but within seven miles of a school in an adjoining district. The student's parents may then petition the resident district for a transfer to the adjoining district if the adjoining district has agreed in writing to the transfer.
It is my opinion that the language of Senate Bill 457, which amends the Public School Choice Act, would not operate to repeal either of the other two methods currently provided for transferring students. Senate Bill 457 contains a "general repealer clause" which repeals "all laws and parts of laws in conflict with the act." Although it appears self-evident, it has been stated that a general clause repealing all laws in conflict does not operate to repeal any laws not in conflict. May v.McCastlain, Commissioner, 244 Ark. 495, 426 S.W.2d 158 (1968). It has also been held that the conflict must be "irreconcilable."Patrick v. State, 265 Ark. 334, 576 S.W.2d 191 (1979).[3]
It has also been stated that such a repeal would be a "repeal by implication," (Tinsley v. Craige, 54 Ark. 346, 15 S.W. 897
(1891)), and cases are legion in Arkansas for the proposition that repeals by implication are not favored in the law. See,e.g., City of Fort Smith v. Driggers, 294 Ark. 311,742 S.W.2d 921 (1988). In the absence of an irreconcilable conflict, an implied repeal of a statute can be found only if it appears that the legislature intended for the later statute to cover the entire field and thus to serve as a substitute for the other statute. Arkansas Airmotive Division of Currey Aerial Sprayers,Inc. v. Arkansas Aviation Sales, Inc., 232 Ark. 354,335 S.W.2d 813 (1960). The question with regard to an implied repeal is one of legislative intent. Brockman v. Board of Directors ofJefferson County Bridge Dist., 188 Ark. 396, 66 S.W.2d 619
(1934).
It is my opinion, in light of these precepts, that Senate Bill 457, if enacted, would not impliedly repeal either A.C.A. §6-18-316 or A.C.A. 6-18-307. There is no irreconcilable conflict between the content of Senate Bill 457 and either of these two statutes. Taken together, they simply provide three different methods for accomplishing school transfers. Neither, in my opinion, is Senate Bill 457, or the "Arkansas Public School Choice Act of 1989" intended to cover the entire field of school transfers, and thus to serve as a substitute for these two statutes.[4] Each of the three avenues of school transfers, in my opinion, stand as separate authority and provide three different avenues of accomplishing student transfers in differing factual situations. See generally, Op. Att'y Gen. 92-296. I can discern no clear legislative intent to the contrary. SeeMcDonald v. Wasson, 188 Ark. 782, 67 S.W.2d 722 (1934).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana Cunningham Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] This is true, of course, with the exception that the deadline found currently at A.C.A. § 6-18-206 (b)(1)(A) would no longer be fixed definitely at April 17.
[2] The nonresident school district may, by resolution, determine that it will not admit any nonresident pupils to its schools pursuant to the Public School Choice Act. A.C.A. §6-18-206(b)(3).
[3] See also Love v. Hill, 297 Ark. 96, 759 S.W.2d 550
(1988) (statute allowing student to attend school where his parent taught was not intended by legislature as a "legal transfer" and as such was not in irreconcilable conflict with former A.C.A. 6-18-306 authorizing "legal transfers.")
[4] In fact, Act 609 of 1989, which originally enacted the Public School Choice Act did not contain any type of repealer clause.