The Honorable John E. Miller State Representative P.O. Box 420 Melbourne, Arkansas 72556-0420
Dear Representative Miller:
This is in response to your request for an opinion on the following questions:
 1. Did passage of 1989 Ark. Act 861, which includes a general repealing clause, effectively repeal A.C.A. § 27-16-604(a)(5) (1987)?
 2. Does a voluntary or an involuntary admission under A.C.A. § 20-47-201 et seq. (Repl. 1991) constitute an adjudication that an individual is afflicted with or suffering from a mental disability or disease within the meaning of A.C.A. § 27-16-604
(a)(5) (1987)?
 3. If such an admission does constitute such an adjudication, does release constitute restoration to competency under A.C.A. § 27-16-604 (a)(5) (1987)?
 4. In light of A.C.A. § 20-47-223 (Repl. 1991), may the Office of Driver Services automatically suspend the license of a person admitted to the State Hospital under A.C.A. § 20-47-201 et. seq. (Repl. 1991) without some further adjudication of incompetency to drive a motor vehicle?
In my opinion, the answer to your first question is "no." The general repealing clause in 1989 Ark. Act 861, § 28 repeals Act 243 of 1987 and all other laws in conflict with Act 861. The issue posed by your first question is whether A.C.A. §27-16-604(a)(5) (Supp. 1991) is inconsistent with, and therefore repealed by, 1989 Ark. Act 861, § 16(b), which today is codified at A.C.A. § 20-47-220(b) (Repl. 1991). The provision codified at A.C.A. § 27-16-604(a)(5) (Supp. 1991) provides the following:
 The office shall not issue any license under this chapter to any person: as an operator or chauffeur who has previously been adjudged to be afflicted with or suffering from any mental disability or disease and who has not at the time of application been restored to competency by the methods provided by law.
The issue presented in your first question is whether the above provision is inconsistent with 1989 Ark. Act 861, § 16(b), which is now codified at A.C.A. § 20-47-220(b) (Repl. 1991), and which provides in pertinent part the following:
 No person shall be deemed incompetent to manage his affairs, to contract, to hold professional, occupational, or motor vehicle driver's licenses,
to marry or to obtain a divorce, to vote, to make a will or to exercise any other civil right solely by reason of that person's admission to the mental health services system. [Emphasis added].
It is my opinion that A.C.A. § 27-16-604(a)(5) (Supp. 1991) can be reconciled with, and therefore is not repealed by, Act 861. Although it seems obvious, it has been stated that a general clause repealing all laws in conflict does not operate to repeal any laws not in conflict. May v. McCastlain, Comm'r,244 Ark. 495, 426 S.W.2d 158 (1968). It has also been held that the conflict must be irreconcilable in order for a provision to be repealed by a general repealing clause. Patrick v. State,265 Ark. 334, 576 S.W.2d 191 (1979). I do not believe that the provisions located at A.C.A. §§ 27-16-604(a)(5) (Supp. 1991) 20-47-220(b) (Repl. 1991) are inconsistent.
The provision at A.C.A. § 27-16-604(a)(5) (Supp. 1991) pertains to one who has been adjudged to be suffering from mental disability, while A.C.A. § 20-47-220(b) (Repl. 1991) refers to one who has been admitted to the mental health services system. Under A.C.A. § 20-47-223 (Repl. 1991), mere admission to the mental health services system, by itself, is not an adjudication of incapacity. Therefore, the two statutes can be read consistent with each other to mean that a person who has been adjudged to be suffering from mental disability is not to be issued a driver's license by the Office of Driver Services, but a person who has been merely admitted to the mental health services system (mere admission is not adjudication) is not deemed incompetent to hold a driver's license.
In my opinion, the answer to your second question is "no." While the term "adjudged," within the context of the phrase "adjudged to be afflicted with or suffering from any mental disability or disease" located at A.C.A. § 27-16-604(a)(5) (Supp. 1991), is not defined in that Subchapter of the Code, the term is defined in Black's Law Dictionary 39 (5th ed. 1979) as follows:
 To pass on judicially, to decide, settle, or decree . . . Implies the judicial determination of a fact, and the entry of a judgment.
In addition, under A.C.A. § 20-47-223 (Repl. 1991), admission to a mental health services facility, program or hospital per se
is not an adjudication of incapacity. And the term "adjudication" is synonymous with the term "adjudge" in its strictest sense.See Black's Law Dictionary 39 (5th ed. 1979). In sum, it is my opinion that admission to the mental health services system under A.C.A. § 20-47-201, et seq. (Repl. 1991), does not constitute an "adjudication" within the meaning of A.C.A. § 27-16-604(a)(5) (Supp. 1991).
For the reasons stated above in response to your first and second questions, your third question becomes moot. As I have stated, it is my opinion that admission to the mental health services system does not constitute per se an adjudication of incapacity.
In response to your fourth question, it is my opinion that the answer is "no." Under A.C.A. § 20-47-220(b) (Repl. 1991), a person is not deemed incompetent to hold a motor vehicle driver's license solely by reason of that person's admission to the mental health services system. Accordingly, it is my opinion that the Office of Driver Services may not suspend the license of a person solely because he or she is admitted to the State Hospital without some further adjudication of incompetency. The statute codified at A.C.A. § 27-16-604(a)(5) (Supp. 1991) does not affect this conclusion since, as previously stated, mere admission to the mental health services system does not constitute adjudication of incapacity within the meaning of that statute.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh