The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, Arkansas 75502
Dear Senator Dowd:
This is in response to your request for an opinion, on behalf of Mr. Mike Carter, President of CAC Enterprises, Inc., regarding Act 277 of 1991. Act 277, which is codified at A.C.A. §§17-50-101 to -308 (Repl. 1992), provides that it shall be unlawful for any person to engage in heating, ventilation, air conditioning, or refrigeration work without the appropriate license or registration, as provided for in the act. A.C.A. §17-50-301(a). The Arkansas Heating, Ventilation, Air Conditioning, and Refrigeration (HVACR) Licensing Board, as created by Act 277, has the authority to adopt rules and regulations in order to ensure compliance with the act. A.C.A. §17-50-202(1). As you note in your correspondence, Act 277 of 1991 also contains a "general repealer clause" which repeals all other laws and parts of laws in conflict with the act. See 1991 Ark. Acts 277, § 24.
In your correspondence, you also reference the contractor licensing laws, as codified at A.C.A. §§ 17-22-101 to 409. All "contractors," as defined in A.C.A. § 17-22-101(a), are required to obtain a license from the Contractors Licensing Board. See
A.C.A. § 17-22-103(a). You note that the Arkansas Contractors Licensing Board requires members of the heating, ventilation, air conditioning, and refrigeration industry to obtain a contractor's license, in addition to an HVACR license as required by Act 277, if they fall within the definition of "contractor," as appears in A.C.A. § 17-22-101(a). With regard to this matter, you pose the following questions:
 1. Does the general repealing clause in Section 24 of Act 277 of 1991 repeal the contractor licensing laws, as appear in A.C.A. §§ 17-22-101 to 409, to the extent that they apply to the HVACR industry?
 2. If not, will a member of the HVACR industry be required to obtain a license from both the HVACR Licensing Board and the Contractors Licensing Board?
In response to your first question, it is my opinion that the answer is "no."
Act 277 of 1991 contains a "general repealer clause" which repeals "all other laws and parts of laws in conflict with [the] Act." Although it appears self-evident, it has been stated that a general clause repealing all laws in conflict does not operate to repeal any laws not in conflict. May v. McCastlain, Comm'r,244 Ark. 495, 426 S.W.2d 158 (1968). It has also been held that the conflict must be "irreconcilable." Patrick v. State,265 Ark. 334, 576 S.W.2d 191 (1979). Additionally, it has been stated that such a repeal would be a "repeal by implication," (Tinsley v.Craige, 54 Ark. 346, 15 S.W. 897 (1891)), and cases are legion in Arkansas for the proposition that repeals by implication are not favored in the law. See, e.g., City of Fort Smith v.Driggers, 294 Ark. 311, 742 S.W.2d 921 (1988). In the absence of an irreconcilable conflict, an implied repeal of a statute can be found only if it appears that the legislature intended for the later statute to cover the entire field and thus to serve as a substitute for the other statute. Arkansas Airmotive Division ofCurrey Aerial Sprayers, Inc. v. Arkansas Aviation Sales, Inc.,232 Ark. 354, 335 S.W.2d 813 (1960). The question with regard to an implied repeal is one of legislative intent. Brockman v.Board of Directors of Jefferson County Bridge Dist.,188 Ark. 396, 66 S.W.2d 619 (1934).
In light of these precepts, it is my opinion that the contractor licensing laws, as they relate to the HVACR industry, can be reconciled with, and therefore are not repealed by, Act 277 of 1991. Taken together, these laws simply provide that individuals in the HVACR industry, even though they may be licensed by the HVACR Board, will be required to obtain an additional license from the Contractors Licensing Board if they fall within the definition of "contractor," as appears in A.C.A. § 17-22-101(a), and are not exempt for any reason. There is only one provision in Act 277 which specifically states that the HVACR license is to be the only license required for members of the HVACR industry. That provision appears in Section 13 of Act 277, which is codified at A.C.A. § 17-50-103(a) (Repl. 1992), and provides the following: "Any individual licensed or registered to perform HVACR work may perform HVACR gas fitting work without obtaining any other license to perform the work." There are, however, no other specific provisions in Act 277 which state that the HVACR license is the only license required for members of the HVACR industry. Neither, in my opinion, are there any implied provisions in the act to this effect. In fact, certain provisions of Act 277 appear to contemplate that members of the HVACR industry will be required to obtain licenses in addition to those provided for in the act. For example, the provision codified at A.C.A. §17-50-204(a)(2) (Repl. 1992) provides that the HVACR Board may provide for a reduction in the fees of a person who holds one or more licenses which are determined by the board to be HVACR related and for which the board determines a reduction in fees should be allowed. Additionally, section 14 of the act, codified at A.C.A. § 17-50-104 (Repl. 1992), states that any individual licensed or registered pursuant to the act "[s]hall not be required to obtain a license from any city or county to perform HVACR work." The state as an entity which may not require an additional license is conspicuously absent from this provision.See also A.C.A. § 17-50-103(b) (Repl. 1992) (providing that "[n]othing in this chapter shall be construed as allowing an HVACR licensee to perform electrical work without complying with applicable . . . state electrical licensing requirements. . . .")
As stated previously, in the absence of an irreconcilable conflict, an implied repeal of a statute can be found only if it appears that the legislature intended for the later statute to cover the entire field and thus to serve as a substitute for the other statute. It is my opinion that the provisions of Act 277 were not intended to cover the entire field of licensing for the HVACR industry. There are no provisions in either Act 277 or in the contractor licensing laws (with the exception of A.C.A. §17-50-103(a) as discussed above) which expressly or impliedly state that a HVACR license is the only license required for members of that industry, and I can discern no clear legislative intent to the contrary. See McDonald v. Wasson, 188 Ark. 782,67 S.W.2d 722 (1934).
In response to your second question, it is my opinion that a member of the HVACR industry, who falls within the definition of "contractor" as it appears in A.C.A. § 17-22-101(a) and who is not exempt from the contractor licensing laws or exempt, pursuant to Act 277, from having to obtain another license, will be required to obtain a license from the Contractor Licensing Board, even if they possess a license from the HVACR Board.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh