The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201
Dear Mr. McCuen:
This is in response to your request for an opinion regarding school board runoff elections and the time within which they are to be held. Specifically, you reference Section 3 of Act 966 of 1993, which is amendatory to the general election statutes and codified at A.C.A. 7-5-108 (Repl. 1993). The provision, as codified, reads as follows:
 Notwithstanding any other law to the contrary all runoff elections after August 13, 1993, shall occur three (3) weeks after the election which necessitates the runoff election.
You also reference Act 294 of 1993, which provides for the amendment of several sections of the education statutes, as located in Title 6 of the Arkansas Code. Section 8(c) of Act 294 of 1993 amends A.C.A. 6-14-121(a) (Repl. 1993) to provide that school board runoff elections are required in any election, rather than in any general election as was the case before the amendment, when there are more than two candidates and no candidate receives a majority of the vote. Section 8(c) of Act 294 of 1993 did not, however, amend the requirement in A.C.A. 6-14-121 that school board runoff elections are to be held two (2) weeks following the election which necessitates the runoff. [Emphasis added.] Arkansas Code Annotated6-14-121(a) (Repl. 1993) reads as follows:
 Whenever there are more than two (2) candidates for election to any county or district school board at any election held in this state, and no candidate for any county or district position receives a majority of the votes cast for the office, there shall be a runoff election held in the county or district. The runoff election shall be held two (2) weeks following the date of the election; the names of the two (2) candidates receiving the highest number of votes, but not a majority, shall be placed on the ballot to be voted upon by the qualified electors of the county or the district, as the case may be. [Emphasis added.]
With regard to Acts 966 and 294 of 1993, you have posed the following question:
 In the case of school runoff elections, do the specific requirements of Act 294 of 1993 control, or should the broad, general requirements of Act 966 of 1993 be applied?
It should be noted that this office has previously addressed in an attorney general's opinion a question identical to the one posed above in response to an inquiry which you made on September 20, 1993. See Op. Att'y Gen. No. 93-304 (copy enclosed). The conclusion reached in that opinion was that the provisions at issue in Acts 294 and 966 of 1993 were, in all likelihood, not yet effective or subject to enforcement, since preclearance from the United States Justice Department, as required by Jeffers v. Clinton, 740 F. Supp. 585 (E.D.Ark. 1990), had neither been sought nor received. Accordingly, a response to the question posed above was not given. As it is my understanding that preclearance is now being sought from the Justice Department and a response is expected by approximately February 20, I will now opine on the question posed. However, it should be emphasized that the opinion set forth below is premised upon preclearance being granted.
In response to your question, it is my opinion that Section 3 of Act 966 of 1993, which is codified at A.C.A. 7-5-108, now controls the dates for school board runoff elections for the reasons cited below. Accordingly, it is my opinion that school board runoff elections are to be held three (3) weeks following the date of the election which necessitates the runoff.
Act 966 of 1993 contains a "general repealer clause" which provides that "[a]ll laws and parts of laws in conflict with this act are hereby repealed." See Acts 1993, No. 966, 6. Since Section 3 of Act 966 of 1993 states that "all runoff elections" shall occur three (3) weeks after the date of the election which necessitated the runoff, while A.C.A.6-14-121(a) states that school board runoff elections shall occur two (2) weeks after the date of the election which necessitated the runoff, the issue is whether the "two week" requirement in A.C.A. 6-14-121(a) is repealed. [Emphasis added.] Although it appears self-evident, it has been stated that a general clause repealing all laws in conflict does not operate to repeal any laws not in conflict. May v. McCastlain, Commissioner, 244 Ark. 495, 426 S.W.2d 158 (1968). It has also been held that the conflict must be "irreconcilable." Patrick v. State, 265 Ark. 334, 576 S.W.2d 191 (1979). It has also been stated that such a repeal would be a "repeal by implication," (Tinsley v. Craige, 54 Ark. 346, 15 S.W. 897
(1891)), and cases are legion in Arkansas for the proposition that repeals by implication are not favored in the law. See e.g. City of Fort Smith v. Driggers, 294 Ark. 311, 742 S.W.2d 921
(1988); Routh Wrecker Service, Inc. v. Wins, 312 Ark. 123,847 S.W.2d 707 (1993). In the absence of an irreconcilable conflict, an implied repeal of a statute can be found only if it appears that the legislature intended for the later statute to cover the entire field and thus to serve as a substitute for the other statute. Arkansas Airmotive Division of Currey Aerial Sprayers, Inc. v. Arkansas Aviation Sales, Inc.,232 Ark. 354, 335 S.W.2d 813 (1960). The question with regard to an implied repeal is one of legislative intent. Brockman v. Board of Directors of Jefferson County Bridge Dist., 188 Ark. 396,66 S.W.2d 619 (1934).
It is my opinion, in light of these precepts, that Section 3 of Act 966 of 1993, which is codified at A.C.A. 7-5-108, impliedly repeals the "two week" requirement in A.C.A.6-14-121(a). This determination is based on the fact that the conflict between the two provisions is, in my opinion, "irreconcilable." As stated above, the question with regard to an implied repeal is one of legislative intent, and it has been held that legislative intent is determined from the ordinary meaning of the language used where the language of the statute is plain and unambiguous. Mountain Home School Dist. No. 9 v. T.M.J. Builders, Inc., 313 Ark. 661, 858 S.W.2d 74 (1993). Section 3 of Act 966 states "[n]otwithstanding any other law to the contrary, all runoff elections after the effective date of this act shall occur three (3) weeks after the election which necessitates the runoff." [Emphasis added.] It is my opinion that the language of this statute is plain and unambiguous, and as such, the phrase "all runoff elections" includes school board runoff elections.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh