The Honorable Lu Hardin State Senator 2500 West 2nd Court Russellville, Arkansas 72801-4610
This is in response to your request for an opinion, on behalf of an education organization, concerning the selection of a chairperson for the Public School Employees Insurance Advisory Committee.[1] In your correspondence, you have set forth the factual basis for this request as follows:
 The first committee meeting [of the Public School Employees Insurance Advisory Committee] was held on March 29, 1994. The main agenda item was the selection of a chairperson. Seven (7) of the nine (9) voting members of this committee were present, thus creating a quorum. Ms. Ruckman and [Arkansas Insurance Commissioner] Douglass were absent. Mr. Douglass sent a "designee" to take his place.
 Two names were placed in nomination for the chairperson position. One was a school superintendent, the other was Terry Cranford. The committee voted on both nominations. If you include the vote lodged by Mr. Douglass' "designee," both nominees received a tie vote of four to four. If, however, you exclude the vote of Mr. Douglass' "designee," Terry Cranford would have won by a four to three vote, and the superintendent would have lost by a three to four vote. Mr. Douglass' "designee" made the motion to place the superintendent's name in nomination to serve as chairperson. . . . .
 There is no provision in the law for voting members to send designees to sit, make motions and vote in their absence. Note that the law does allow the ex officio members to send a designee in their place. Ark. Code Ann. 6-17-1103(a)(3). The law does not have a similar provision for the voting committee members.
With respect to the facts outlined above, you have asked for an opinion on the following question:
 In light of Insurance Commissioner Lee Douglass' absence, was Mr. Terry Cranford, in fact, elected as chairperson of the Public School Employees Insurance Advisory Committee at the March 29, 1994 meeting of the committee?
In response to your question, it is my opinion that neither Mr. Terry Cranford nor the school superintendent who is referred to in your correspondence was elected as chairperson of the Public School Employees Insurance Advisory Committee at the March 29 meeting of the committee.
From your correspondence, it appears that you believe the Arkansas Insurance Commissioner to be a voting member of the Public School Employees Insurance Advisory Committee, as opposed to an ex officio, nonvoting member who is allowed to have a designee take his place on the committee. Although the relevant statutes are not clear on this subject, it is my opinion that you are correct in this assertion. An issue does, however, arise in this regard as the result of a 1993 amendment to the code section pertaining to the membership of the Public School Employees Insurance Advisory Committee and should be discussed as an initial matter. In this regard, Section 1 of Act 855 of 1993 amended A.C.A. 6-17-1103(a) to read as follows:
 (a)(1) The committee shall consist of nine (9) members, three (3) of whom shall be classroom teachers, one (1) of whom shall be a school administrator, one (1) of whom shall be a noncertified school employee, three (3) of whom shall be from the business community with insurance experience, and one (1) of whom shall be the State Insurance Commissioner.
 (2) All members shall be appointed by the Governor, and the five (5) members who are school personnel shall be employees of Arkansas public schools, with no more than one (1) of the five (5) an employee of the same school district.
 (3) The Chairman of the House Education Committee, or designee, and the Chairman of the Senate Education Committee, or designee, shall serve as ex officio, nonvoting members of the committee. [Emphasis added.]
Prior to the 1993 amendment, A.C.A. 6-17-1103(a) provided:
 (a)(1) The committee shall consist of nine (9) members, five (5) of whom shall be classroom teachers, one (1) of whom shall be a school administrator, and three (3) of whom shall be noncertified employees.
 (2) All nine (9) shall be employees of public school districts in the State of Arkansas and shall be appointed by the Governor.
 (3) No more than one (1) of the nine (9) members shall be employees of the same school district at the same time.
Unlike A.C.A. 6-17-1103(a), section 6-17-1104, which pertains to ex officio, nonvoting members of the Public School Employees Insurance Advisory Committee, was not expressly amended in 1993. Section 6-17-1104 provides:
 (a) The committee shall at least each two (2) years select from its membership a chairman and a vice chairman.
 (b) The Director of General Education, or his designee, and the Insurance Commissioner, or his designee, shall be ex officio members of the committee but shall have no vote on matters coming before it.
 (c) The Supervisor, Public School Employees Insurance Section, shall be ex officio secretary of the committee but shall have no vote on matters coming before it. [Emphasis added.]
If A.C.A. 6-17-1103(a), as amended, is interpreted to provide that the Arkansas Insurance Commissioner shall be a voting member of the Public School Employees Insurance Advisory Committee, the statute would be in conflict with 6-17-1104(b), as set forth above, which states that the insurance commissioner "or his designee" shall be an ex officio, nonvoting member of the committee. For the reasons I will outline below, it is my opinion that Section 1 of Act 855 of 1993, codified at 6-17-1103(a), contemplates that the insurance commissioner will be a voting member of the committee and that 6-17-1104(b) thus has been impliedly repealed by that act.
Act 855 of 1993 contains a "general repealer clause" which provides that "[a]ll laws and parts of laws in conflict with this act are hereby repealed." Ark. Acts 1993, No. 855, 7. Although it appears self-evident, it has been stated that a general clause repealing all laws in conflict does not operate to repeal any laws not in conflict. May v. McCastlain, Commissioner, 244 Ark. 495, 426 S.W.2d 158 (1968). It has also been held that the conflict must be "irreconcilable." Patrick v. State, 265 Ark. 334, 576 S.W.2d 191 (1979). It has also been stated that such a repeal would be a "repeal by implication," (Tinsley v. Craige, 54 Ark. 346, 15 S.W. 897
(1891)), and cases are legion in Arkansas for the proposition that repeals by implication are not favored in the law. See e.g. City of Fort Smith v. Driggers, 294 Ark. 311, 742 S.W.2d 921
(1988). In this regard, it has been held that a statute is not repealed by implication, especially where there exists a harmonious construction of both statutes. Waire v. Joseph,308 Ark. 528, 825 S.W.2d 594 (1992). In the absence of an irreconcilable conflict, an implied repeal of a statute can be found only if it appears that the legislature intended for the later statute to cover the entire field and thus to serve as a substitute for the other statute. Arkansas Airmotive Division of Currey Aerial Sprayers, Inc. v. Arkansas Aviation Sales, Inc.,232 Ark. 354, 335 S.W.2d 813 (1960). The question with regard to an implied repeal is one of legislative intent (Brockman v. Board of Directors of Jefferson County Bridge Dist., 188 Ark. 396,66 S.W.2d 619 (1934)), and it has been stated that legislative intent is determined from the ordinary meaning of the language used where the language of the statute is plain and unambiguous. Mountain Home School Dist. No. 9 v. T.M.J. Builders, Inc., 313 Ark. 661, 858 S.W.2d 74 (1993).
According to the foregoing precepts, a repeal by implication may thus occur in one of two ways, by the existence of either an "irreconcilable conflict" or a legislative intent to take up a subject anew and cover the entire field. In my opinion, either of these "tests" for a repeal by implication are met in this instance. As stated previously, it is my opinion that A.C.A. 6-17-1103(a), as amended, contemplates that the Arkansas Insurance Commissioner will be a voting member of the Public School Employees Insurance Advisory Committee.[2] This opinion is based on the fact that the legislature, when amending A.C.A. 6-17-1103(a), grouped the insurance commissioner together with eight other designated members of the committee (all of whom are presumably voting members) in subsection (a)(1), as opposed to placing the commissioner in subsection (a)(3) with the designated ex officio, nonvoting members. If the legislature had intended for the commissioner to be an ex officio, nonvoting member, presumably it would have placed him with the other members so designated in subsection (a). The designation of the Arkansas Insurance Commissioner as a voting member also would appear to be consistent with one of the stated purposes of Act 855, which is "to reconstitute the Advisory Committee to assure that various interests are represented on the Committee." See Ark. Acts 1993, No. 855, 8 (emergency clause). The commissioner, prior to Act 855, was not a voting member of the committee. As I interpret the amended version of 6-17-1103(a) as providing that the insurance commissioner shall be a voting member of the committee, there exists, in my opinion, an "irreconcilable" conflict between this provision and A.C.A. 6-17-1104(b), which provides in part that the insurance commissioner or his designee shall be an ex officio, nonvoting member.
In my opinion, it may also be successfully contended that, in enacting Section 1 of Act 855 of 1993, the legislature intended to take up anew the subject of membership (including both voting and ex officio, nonvoting members) on the Public School Employees Insurance Advisory Committee and that the amendment of A.C.A. 6-17-1103(a) was intended to cover the entire field on this subject, thus repealing by implication A.C.A. 6-17-1104(b). This opinion is based on the fact that the legislature, in amending 6-17-1103(a), specifically provided for both voting and ex officio, nonvoting members in that same section, rather than amending A.C.A. 6-17-1104 (the only section previously pertaining to ex officio, nonvoting members) to add two new ex officio, nonvoting members (Chairman of the House Education Committee, or his designee, and Chairman of the Senate Education Committee, or his designee). The fact that one of the stated purposes for the enactment of Act 855 was to reorganize and reconstitute the Public School Employees Insurance Advisory Committee also seems to compel this determination. See Ark. Acts 1993, No. 855, 8 (emergency clause); Farm Bureau Mutual Ins. Co. of Arkansas v. Wright,285 Ark. 228, 686 S.W.2d 778 (1985) (stating that it is a rule of statutory construction that the emergency clause of an act can be used in determining the intent of the legislature). Finally, while it is my opinion that A.C.A. 6-17-1104(b) has been impliedly repealed, it is less clear whether such a repeal would also encompass 6-17-1104(c), which provides that the Supervisor of the Public School Employees Insurance Section shall be the ex officio secretary of the committee but shall have no vote on matters coming before the committee. As there is no provision in the amended version of A.C.A. 6-17-1103(a) designating a particular person to act as secretary for the committee, there may be an issue as to whether 6-17-1104(c) has been impliedly repealed since the subject of a secretary for the committee was not technically taken up anew by the legislature in Section 1 of Act 855.
Because it is my opinion that A.C.A. 6-17-1104(b) has been impliedly repealed and that the Arkansas Insurance Commissioner is a voting member of the Public School Employees Insurance Advisory Committee, it is also my opinion that the insurance commissioner may not appoint a "designee" to take his place on the committee. This opinion is based on the fact that subsection (a)(1) of A.C.A. 6-17-1103, as amended, clearly states that one member of the committee "shall be the State Insurance Commissioner." The word "shall," when used in a statute, means that the legislature intended mandatory compliance unless such an interpretation would lead to an absurdity. Campbell v. State, 311 Ark. 641,846 S.W.2d 639 (1993). In my opinion, if the legislature had intended for the commissioner to be able to appoint a "designee" to fill his position on the committee, it would have specifically so stated, as it did, for instance, in subsection (a)(3) which refers to ex officio, nonvoting members or their "designees." As such, any actions taken by the insurance commissioner's designee at the March 29, 1994 meeting (specifically his motion to place the superintendent's name in nomination for chairperson and his vote for chairperson) would, in my opinion, be invalid. Thus, in relation to your specific question, it is my opinion that any votes cast by the commissioner's designee at that meeting should not be counted. According to your correspondence, the exclusion of the vote cast by the commissioner's designee would leave the vote for chairperson at four to three, in favor of Mr. Terry Cranford. Despite this fact, however, it is my opinion that as Mr. Cranford received only four affirmative votes, he was not, in fact, elected to the chairmanship of the committee. This determination is based on A.C.A. 6-17-1105(b) which states:
 A quorum [of the Public School Employees Insurance Advisory Committee] shall consist of no fewer than six (6) members present at any regular or special meeting, and the affirmative vote of at least six (6) members shall be necessary for the disposition of any business. [Emphasis added.]
In my opinion, this provision requires six affirmative or "yes" votes in order to pass any matter of business before the committee, including the business of electing a chairperson for the committee. As Mr. Cranford did not receive six affirmative votes, it is my opinion that he was not elected as chairperson at the March 29 meeting of the committee, irrespective of the problem with the vote cast by the designee of the insurance commissioner.
In sum, it is my opinion that A.C.A. 6-17-1104(b) has been impliedly repealed by Section 1 of Act 855 of 1993 and that the Arkansas Insurance Commissioner is a voting member of the Public School Employees Insurance Advisory Committee. As such, the insurance commissioner may not, in my opinion, appoint a "designee" to take his place on the committee. Accordingly, any actions taken by the commissioner's designee at the March 29, 1994 meeting of the committee would, in my opinion, be invalid. Finally, as it is my opinion that A.C.A. 6-17-1105(b) requires the affirmative vote of at least six of the nine voting members for the disposition of any business before the committee (including the election of a chairperson), it is my opinion that no one, including Mr. Cranford, was elected to the chairmanship of the committee at the March 29 meeting, even with the exclusion of the vote cast by the commissioner's designee.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] The Public School Employees Insurance Advisory Committee was created by Act 834 of 1977. However, the committee was reorganized in 1993 pursuant to Act 855 of 1993. Section 4 of Act 855 provides: "The provisions of this act shall be effective July 1, 1993, and the terms of all current members of the Public School Employees Insurance Advisory Committee shall expire on that date, and the members of the Committee as reconstituted by this act shall be appointed by the Governor for terms beginning on July 1." This request for an opinion thus pertains to the reconstituted committee.
[2] The Arkansas State Insurance Commissioner is also a voting member of the State Employees Insurance Advisory Committee, which is analogous in many respects to the Public School Employees Insurance Advisory Committee. See A.C.A.21-5-402(b)(1) (Cum. Supp. 1993).