The Honorable Mark Stodola Prosecuting Attorney, Sixth Judicial District P.O. Box 1979 Little Rock, Arkansas 72203
Dear Mr. Stodola:
This is in response to your request for an opinion concerning whether prosecutors or their employees (including deputy prosecutors and records clerks who maintain the prosecutor's criminal files) may release, disclose, or disseminate criminal record information to defense lawyers where such information either was or could have been obtained by the prosecutor's office from the Arkansas Crime Information Center ("ACIC"). You indicate that there are three categories of persons about whom the defense attorney might seek such information: the criminal defendant, a prosecution witness, and the victim/witness or deceased victim. With regard to this inquiry, you specifically reference Act 1109 of 1993, which is codified in a completely new section of the Arkansas Code Annotated at § 12-12-1001 et seq. (Cum. Supp. 1993) and which pertains to the collection, maintenance, and dissemination of criminal history information on certain individuals. You also note that Act 1109 did not specifically amend previous legislation, codified at A.C.A. § 12-12-201 etseq. (1987 and Cum. Supp. 1993), pertaining to the Arkansas Crime Information Center. With regard to Act 1109 and all other applicable legislation which provides for the maintenance and disclosure of information accessed through the Arkansas Crime Information Center, you have asked for an opinion on nine questions, which I will set forth below and answer in the order posed.[1]
Your first question is:
 May a defense lawyer (or pro se defendant) become an "authorized person" under the provisions of Act 1109 of 1993 or the previous legislation concerning the Arkansas Crime Information Center and thus use such information for a purpose "authorized by this act" by requesting criminal record information pursuant to Rule 17.1(a) (vi) of the Arkansas Rules of Criminal Procedure, or otherwise, on:
(a) a prosecution witness?
(b) the victim of the crime being prosecuted?
 (1) when the victim is alive, and presumably will testify at trial or any hearing?
(2) when the victim is deceased?
 (a) whether or not the victim is alleged to have been the agressor?
 (b) only when the victim is stated to have been the aggressor on the record or in formal pleadings or by way of the defense of self defense which is raised by the defense?
If I have interpreted your first question correctly, you are inquiring as to whether a defense attorney or pro se
defendent is entitled, pursuant to Rule 17.1(a) (vi) of the Arkansas Rules of Criminal Procedure ("A.R.Cr.P."), to request criminal history information and records that have been, or could be, obtained by the prosecuting attorney through the ACIC system and which pertain to prosecution witnesses and the victim of the crime for which the defendent is being tried. If this is a correct interpretation, it is my opinion that the answer to your first question, including all of its subparts, is "no." Criminal defense attorneys and pro se defendants are clearly not among those classes of persons who are entitled to receive ACIC information on the individuals described in your question. Thus, in my opinion, a prosecutor would have no obligation, even under a Rule 17.1(a) (vi) request, to access the ACIC system in order to provide defense counsel with the type of criminal history information described in your question. A prosecutor would, however, in my opinion, have an obligation to provide to defense counsel "any record of prior criminal convictions" of persons whom he or she intends to call as witnesses at any hearing or trial, if the prosecutor has such information and if defense counsel has made a "timely request" for such information. This obligation would exist, in my opinion, even if the prosecutor had obtained this information from the ACIC system; however, a proseuctor should not, in my opinion, place the actual printout from the ACIC terminal into the prosecution's files if his office has an "open file" policy with respect to discovery; the printout may, in some instances, include more information than what defense counsel is entitled to under Rule 17.1(a) (vi). Thus, as I have stated, a prosecutor would have no obligation to access ACIC simply in order to comply with a discovery request under Rule 17.1(a) (vi) since defense counsel is not entitled to ACIC data under Act 1109 of 1993 or the previous legislation regarding ACIC, but if a prosecutor has the type of information (even if it has been obtained from ACIC) to which defense is entitled under Rule 17 and a timely request has been made for such information, the prosecutor would, in my opinion, have an obligation to relay the information, though this should not be done by insertion of the actual ACIC sheet into the files which are open to the defense.
While the foregoing conclusion is based on several provisions of both Act 1109 of 1993 and the previous legislation regarding ACIC, I will set forth the most relevant provisions below. Section 7 of Act 1109, codified at A.C.A. § 12-12-1008, provides for the dissemination of ACIC information for criminal justice purposes to certain officials and agencies. Section 12-12-1008
states:
 (a) Pending, conviction and nonconviction information available through the Arkansas Crime Information Center, plus information obtained through the Interstate Identification Index or from another state's record system, shall be disseminated to criminal justice agencies and officials for the administration of criminal justice.[2]
[Emphasis added.]
Arkansas Code Annotated § 12-12-211(a) (Cum. Supp. 1993), a provision among the original statutes pertaining to ACIC information, also specifically limits access to the data available through the ACIC system. That section provides:
 The center [ACIC] shall make criminal records on persons available only to criminal justice agencies in their official capacity, to regulatory agencies with specific statutory authority of access, and to any person or his attorney who has reason to believe that a criminal history record is being kept on him, or wherein the criminal defendant is charged with either a misdemeanor or felony. [Emphasis added.]
Rule 17.1 of the Arkansas Rules of Criminal Procedure, as referenced in your first question, provides in pertinent part the following:
 (a) Subject to the provisions of Rules 17.5 and 19.4, the prosecuting attorney shall disclose to defense counsel, upon timely request, the following material and information which is or may come within the possession, control, or knowledge of the prosecuting attorney:
* * * *
 (vi) any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses at any hearing or at trial, if the prosecuting attorney has such information.
The provisions set forth above make it clear, in my opinion, that defense attorneys and pro se defendants are not among the class of persons who are entitled to criminal history information or records on witnesses. Under Act 1109 of 1993, ACIC information that will be used for criminal justice purposes (the purposes, I presume, for which information on witnesses and victims would be used by defense attorneys) may be disseminated to only "criminal justice agencies and officials for the administration of criminal justice." See A.C.A. § 12-12-1008(a). In my opinion, neither defense lawyers nor pro se defendents fall within the scope of either of these categories. See A.C.A. §§ 12-12-1001(1) 
(6) (sections defining these terms, as set forth in footnote two of this opinion). Additionally, A.C.A. § 12-12-211, the earlier statute on ACIC records, restricts access to criminal records from ACIC to only "criminal justice agencies . . ., to regulatory agencies . . ., and to any person or his attorney who has reason to believe that a criminal history record is being kept on him, or wherein the criminal defendent is charged with either a misdemeanor or felony." In my opinion, this provision also would not allow defense lawyers or pro se defendants to obtain ACIC records on prosecution witnesses or victims of the crime for which the defendent is being prosecuted.
While A.C.A. §§ 12-12-211(a) 12-12-1008(a), in my opinion, clearly evince the General Assembly's intent to restrict the dissemination of ACIC records and information to only certain officials and agencies, and while, as I have stated, it is my opinion that neither defense lawyers nor pro se defendants fall within these categories, a conflict could be perceived, as you point out, between these provisions and Rule 17.1(a)(vi) of the Arkansas Rules of Criminal Procedure, as set forth above. Under A.R.Cr.P. Rule 17.1(a) (vi), prosecuting attorneys are charged with the responsibility of disclosing to defense counsel, upon timely request, any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as a witness at any hearing or at trial if the prosecuting attorney has such information. It has been stated that reversible error exists in a case when a prosecutor in fact fails to comply with a defendent's timely request for discovery information which results in prejudice to the defendent. See e.g. Burton v.State, 314 Ark. 317, 862 S.W.2d 252 (1993); Hall v. State,306 Ark. 329, 812 S.W.2d 688 (1991) (specifically involving A.R.Cr.P. Rule 17.1(a) (vi)); Shuffield v. State, 23 Ark. App. 167,745 S.W.2d 630 (1988) (stating that an A.R.Cr.P. Rule 17.1(a)(vi) motion requires state to furnish a direct response, either listing the potential witnesses' criminal convictions or stating that no record of convictions had been found after diligent, good-faith efforts by the prosecuting attorney to obtain such information from other government personnel. A.R.Cr.P. Rule 17.3(a)). It is my opinion, however, that Rule 17.1(a)(vi) places no obligation on prosecutors to access ACIC in order to comply with a request made thereunder since defense counsel are clearly not entitled to dissemination of this information under the ACIC legislation. As stated earlier, however, a prosecutor, pursuant to a timely request, should relay the information which defense counsel is entitled to under the rule, if he has such information and even if he has acquired it from the ACIC system. It is my opinion, however, that a prosecutor should comply with this responsibility in some other manner than the placement of an ACIC printout into his files if his office operates under an "open file" policy with regard to discovery.
Your second question is:
 If the answer to question 1 is "yes," should those requests be presented by the defense: (a) only by formal written discovery request? (See Arkansas Rule of Criminal Procedure 17.1(a) which provides that "the prosecuting attorney shall disclose to defense counsel, upon timely request, the following material and information which is or may come within the possession, control, or knowledge of the prosecuting attorney: . . . (vi) any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses at any hearing or at trial, if the prosecuting attorney has such information."); (b) only by formal written motion?
The answer to your first question renders a response to your second question unnecessary.
Your third question is:
 Assuming the answer to question 1 is "yes," may the court properly order such disclosure of witness criminal record information despite the lack of a formal discovery request by the defense? (E.g.,
defense requests information on the record and the court orders it; or defense merely verbally requests information from the prosecutor.)
The answer to your first question renders a response to your third question unnecessary.
Your fourth question is:
 Assuming the answer to question 1 is "yes," may the court properly order such disclosure of witness criminal record information upon "timely request," whether formally (written) or informally (verbal request off the record or on the record)?
The answer to your first question renders a response to your fourth question unnecessary.
Your fifth question is:
 To what extent, if any, does Act 1109 of 1993 repeal, repeal by implication, or amend and supersede the previous ACIC acts on the subject of disclosure to unauthorized persons?
Act 1109 of 1993 contains a "general repealer clause" which provides that "[a]ll laws and parts of laws in conflict with this act are hereby repealed." Ark. Acts 1993, No. 1109, § 18. Although it appears self-evident, it has been stated that a general clause repealing all laws in conflict does not operate to repeal any laws not in conflict. May v. McCastlain,Commissioner, 244 Ark. 495, 426 S.W.2d 158 (1968). It has also been held that the conflict must be "irreconcilable." Patrick v.State, 265 Ark. 334, 576 S.W.2d 191 (1979). It has also been stated that such a repeal would be a "repeal by implication," (Tinsley v. Craige, 54 Ark. 346, 15 S.W. 897 (1891)), and cases are legion in Arkansas for the proposition that repeals by implication are not favored in the law. See e.g. City ofFort Smith v. Driggers, 294 Ark. 311, 742 S.W.2d 921 (1988). In this regard, it has been held that a statute is not repealed by implication, especially where there exists a harmonious construction of both statutes. Waire v. Joseph, 308 Ark. 528,825 S.W.2d 594 (1992). In the absence of an irreconcilable conflict, an implied repeal of a statute can be found only if it appears that the legislature intended for the later statute to cover the entire field and thus to serve as a substitute for the other statute. Arkansas Airmotive Division of Currey AerialSprayers, Inc. v. Arkansas Aviation Sales, Inc., 232 Ark. 354,335 S.W.2d 813 (1960). The question with regard to an implied repeal is one of legislative intent (Brockman v. Board ofDirectors of Jefferson County Bridge Dist., 188 Ark. 396,66 S.W.2d 619 (1934)), and it has been stated that legislative intent is determined from the ordinary meaning of the language used where the language of the statute is plain and unambiguous.Mountain Home School Dist. No. 9 v. T.M.J. Builders, Inc.,313 Ark. 661, 858 S.W.2d 74 (1993).
In accordance with the foregoing precepts, it is my opinion that Act 1109 of 1993 does not repeal the legislation pertaining to the subject of disclosure of ACIC information which existed at the time the 1993 act was passed. Pursuant to A.C.A. §12-12-211(a), a provision of the original legislation regarding ACIC, access to the data available from the ACIC system is specifically limited to the following entities: 1) criminal justice agencies in their official capacity, 2) regulatory agencies with specific statutory authority of access, and 3) any person or his attorney who has reason to believe that a criminal history record is being kept on him, or wherein the criminal defendant is charged with either a misdemeanor or felony. As stated previously in this opinion, Act 1109 of 1993 limits dissemination of conviction information available through the ACIC system to "criminal justice agencies" and "officials for the administration of criminal justice." It is my opinion that the foregoing provisions can be read together consistently and thus no implied repeal exists.
Your sixth question is:
 The Sixth District Prosecuting Attorney has an "open file" policy as to disclosure of criminal files in response to formal written discovery motions. The prosecutor files routine discovery responses to defense motions for discovery under Rule 17.1 stating that the file may be copied by the defense pursuant to that open file policy. Does Act 1109 of 1993 or the other acts regarding ACIC subject prosecuting attorneys or deputies or the prosecutor's records clerk to liability where the file is given to defense attorneys for copying as stated above, and the file contained ACIC or NCIC records on either the defendant or a prosecution witness, which records were requested and placed in the file by the prosecutor's office?[3]
I assume that this question pertains to potential criminal liability for dissemination of ACIC data to unauthorized persons.[4] It is my opinion that a prosecutor or his staff could be subject to the penalties prescribed in A.C.A. §§12-12-1002 or 12-12-212 if there is dissemination to unauthorized persons. Section 12-12-1002(b) provides that "[e]very person who shall knowingly release or disclose to any unauthorized person any information collected and maintained under this subchapter . . . shall be deemed guilty of a Class D felony." In my opinion, in order to avoid such liability, a prosecutor should refrain from placing ACIC and NCIC printouts or records in his files if his office has an "open file" policy.
Your seventh question is:
 Given the office open file policy on defense requests and the possibility that the file may contain ACIC/NCIC information obtained from ACIC, does Act 1109 of 1993 or the other acts pertaining to ACIC subject the prosecutor, the deputy prosecutors, or the records clerks to liability for disclosure of ACIC information to the press pursuant to an FOI request? Also, should any ACIC information be removed from the file before disclosure to the press pursuant to the acts regarding ACIC?
Section 2 of Act 1109 of 1993, codified in relevant part at A.C.A. § 12-12-1003(e), provides that criminal history information collected and maintained by ACIC is not considered public record information within the intent and meaning of the Arkansas "Freedom of Information Act" ("FOIA"), A.C.A. §25-19-101 et seq.[5] Thus, the press would clearly not be entitled to obtain an ACIC printout since it would not be considered a "public record" under the FOIA. In my opinion, a prosecutor could be subject to liability under A.C.A. §12-12-1002(b) if he responds to an FOIA request by releasing a copy of the ACIC printout under his office's "open file" policy, or the printout otherwise gets disseminated to the media. As I have stated earlier, it is my opinion that prosecutors should not place actual ACIC printouts into their files if their offices operate under an "open file" policy.
Your eighth question is:
 How do privacy considerations [see A.C.A. § 12-12-213] affect the disclosure of information requested by the defense?
Since I have opined that defense counsel are not entitled to request ACIC information, this question is rendered moot.
Your ninth question is:
 Should the prosecutor get a release from the victim or witness before disclosure of such information to the defense or to the press, assuming disclosure would otherwise be permitted by Act 1109 of 1993 or the other prior acts pertaining to ACIC?
My answers to your previous questions render this question moot.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB: cyh
[1] Although A.C.A. §§ 12-12-211 and 12-12-1010, which relate to the release of criminal history information obtained from ACIC, are the subject of pending litigation (see Calvin v.Tucker (No. 94-3885), 5th Div. Chancery Court, Pulaski County), it does not appear that the questions you have posed are directly involved in this litigation. This office's long-standing policy against issuing opinions on matters which are the subject of pending litigation would therefore not appear to prohibit the issuance of an opinion on this matter.
[2] The term "criminal justice agency," as appears in this statute, is defined as "a government agency, or any submit thereof, which is authorized by law to perform the administration of criminal justice, and which allocates more than one-half (1/2) its annual budget to the administration of criminal justice." A.C.A. § 12-12-1001(6). The term "administration of criminal justice," as appears in the foregoing definition of "criminal justice agency" and A.C.A. § 12-12-1008, is defined as "performing functions of investigation, apprehension, detention, prosecution, adjudication, correctional supervision, or rehabilitation of accused persons or criminal offenders. The administration of criminal justice also includes criminal identification activities and the collection, maintenance, and dissemination of criminal justice information." A.C.A. §12-12-1001(1). Additionally, the term "dissemination," as appears in Act 1109 of 1993, means "disclosing criminal history information or the absence of criminal history information to any person or organization outside the agency possessing the information." A.C.A. § 12-12-1001(9).
[3] With regard to criminal history information maintained by the National Crime Information Center ("NCIC"), both direct and secondary dissemination of the information is strictly governed by federal regulations. In a letter regarding this subject, which was written by Mr. Demery R. Bishop of the Criminal Justice Information Services Division of the Federal Bureau of Investigation and which was submitted to this office by Mr. Charlie Pruitt, Deputy Director of the Arkansas Crime Information Center, the following is stated:
 Except when disseminated pursuant to specific federal and state laws for licensing and employment purposes, criminal records can be disseminated only to criminal justice agencies for criminal justice purposes. See 28 C.F.R. Section 20.33(a). The definitions of "criminal justice agency" and "administration of criminal justice" found in Sections 20.3(c) and (d) respectively do not include criminal defense functions and/or agencies. . . .
 The only exception enabling a criminal defense organization to obtain criminal history records is by way of an order from a court of competent jurisdiction. Such an order can take the form of a judicial subpoena or a dicovery order. . . .
It should also be noted that access to NCIC records by the general public is blocked by the Federal Privacy Act of 1974, U.S.C. § 552a. See also Op. Att'y Gen. No. 86-020.
[4] As for potential civil liability, it should be noted that officers and employees of the State of Arkansas are immune from liability and suit, except to the extent that they may be covered by liability insurance, for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment. A.C.A. § 19-10-305 (Cum. Supp. 1993). This immunity extends to a prosecuting attorney, as a state officer. See Op. Att'y Gen. No. 92-154. And suit cannot be maintained against the state without its consent. Seegenerally Assaad-Faltas v. University of Ark.,708 F.Supp. 1026 (E.D. Ark. 1989), aff'd, 902 F.2d 1572 (8th Cir. 1990); Ark. Const. art. 5, § 20. As for any federal claim that might arise in the civil context, it should be noted that public officers and employees are generally entitled to qualified immunity in the federal courts. See Fogel v. Benton CountyScan, 665 F.Supp. 729 (W.D. Ark. 1987).
[5] In previous opinions issued by this office, it was stated that the law pertaining to records of the ACIC qualify as a specific exmeption to the open records provisions of the FOIA.See Ops. Att'y Gen. No. 93-106, 91-111 and 86-020.