CITY OF MANILA ET AL *v.* ROSE DOWNING

5-4532                                     425 S. W. 2d 528

Opinion delivered March 25, 1968

*H. G. Partlow Jr.,* for appellants.

*Oscar Fendler,* for appellee.

GEORGE ROSE SMITH, Justice. This is a suit brought by the appellee, the duly elected recorder of the city of Manila, for a declaratory decree determining the validity of a 1967 ordinance by which the city attempted to reduce her salary during her term of office. The controlling issue is whether Act 124 of 1961 (a) merely amended a section of an 1875 statute on the subject, as Mrs. Downing contends, or (b) repealed it altogether, as the city contends. This appeal is from a declaratory decree upholding Mrs. Downing's contention that the 1875 statute, as far as cities of the second class are concerned, is still in force.

Manila is a city of the second class. The parties agree that before the passage of Act 124 of 1961 the governing statute, applicable to cities of the first and second classes and to towns, was a portion (the 6th to 8th sentences) of § 86 of Act 1 of 1875, adopted on March 9, 1875, which read as follows:

"The emoluments of no officer whose election or appointment is required in this act, shall be increased or diminished during the term for which he shall have been elected or appointed. Nor shall any change of compensation affect any officer whose office shall be created by authority of this act, during his existing term, unless the office be abolished. No person, who shall have resigned or vacated any of-

fice, shàll be eligible to the same during the period of time for which he was elected or appointed to serve, where, during the same time the emoluments have been increased." Ark. Stat. Ann. § 19-907 (Repl. 1956).

The question for our decision is the extent to which the foregoing statute was amended or repealed by Act 124 of 1961, which we quote in full:

"AN ACT to Amend Act March 9, 1875, No. 1, Section 86 (6th to 8th Sentences), Page 1 [Ark. Stats. (1947) Sections 19-907]; to Permit Increase of Salaries of Municipal Officials During Their Terms.

"Be It Enacted by the General Assembly of the State of Arkansas:

"SECTION 1. Act March 9, 1875, No. 1, Section 86 (6th to 8th sentences), Page 1 [Ark. Stats. (1947) Sections 19-907] is amended to read as follows:

" 'The salaries of officials of first class cities may be increased but not decreased during the term for which such officials have been elected or appointed.' "

"APPROVED: February 22, 1961." Ark. Stat. Ann. § 19-907 (Supp. 1967).

The city of Manila, citing *Brockman* v. *Board of Directors of Jefferson County Bridge Dist.*, 188 Ark. 396, 66 S. W. 2d 619 (1933), insists that whenever a section of an existing statute is "amended to read as follows," there is necessarily a repeal of any language in the earlier section that does not appear in the re-enactment.

That statement is usually true, but not always. Chief Justice McCulloch, in an opinion of great lucidity and persuasiveness, made the point in *State ex rel. Atty. Gen.* v. *Trulock*, 109 Ark. 556, 160 S. W. 516 (1913), that

even an amending-to-read-as-follows statute will not be construed to repeal omitted language in the earlier act if it clearly appears that no such repeal was intended by the legislature. The solution to this problem of interpretation always depends upon the answer to that central question to which all other principles of statutory construction are secondary: What was the intention of the legislature?

Here, as in the *Trulock* case, it is too plain for argument that the legislature did not mean to repeal the earlier section in its entirety. The 1875 enactment applied to *all* cities and towns and provided comprehensively that the emoluments of specified officers should not be increased or diminished and, in effect, that that statutory prohibition could not be evaded by the officer's resignation and reinstatement. By contrast, Act 124 of 1961 applies *only* to cities of the first class and simply declares, both in its title and in its text, that the salaries of officials in those cities may be increased but not decreased during their terms of office.

We find it impossible to believe that the members of the General Assembly, in approving Act 124, chose the single sentence in the body of that act as a roundabout way of saying not only that cities of the first class might increase but not diminish the compensation of their officers during their terms of office, but also that cities of the second class and incorporated towns should no longer be subject to the salutary prohibition against increasing or decreasing the salaries of their officers during their terms. We conclude, in harmony with the *Trulock* decision and the later cases that have followed it, that the 1961 act impliedly repealed the 1875 legislation only to the extent that the two are in conflict.

The appellants also argue that Act 124 is contrary to Article 5, § 23, of the Constitution, which provides that no law shall be revived or amended or the provisions thereof extended by reference to its title only. We

find no violation of that provision, which was intended to prohibit legislation drafted "in such form that the legislator could not determine what its provisions were from an inspection of it." *Watkins* v. *Eureka Springs,* 49 Ark. 131, 4 S. W. 384 (1886). As we are interpreting Act 124, it contained no hidden meaning not apparent on the face of the act.

This same objection was made to the statute that we upheld in the *Trulock* case, *supra.* Judge McCulloch fully answered the objection by pointing out that "under the construction we place upon [the later statute], no part of the old section is revived or extended, but the part which is the subject of this controversy is, as we have already explained, left unamended. It is untouched by the amendatory statute, which is, as we have already said, only partial in its operation." That language exactly fits the case at bar.

Affirmed.

HARRIS, C. J., and FOGLEMAN, J., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I cannot agree that the exception to the rule that amending a statute "to read as follows" repeals language not carried forward in the amending statute is applicable here.

The exception in *State* v. *Trulock,* 109 Ark. 556, 160 S. W. 516 (1913) is based on quite a different situation from that existing here. In that case, the intent of the legislative branch was clear. To have followed a literal interpretation of the amended section of the original act by omitting the language providing for the appointment of improvement district commissioners would have resulted in rendering inoperative not only the omitted language but other parts of the amending statute as well as other parts of the original act and thus abrogate the whole law on the subject of improvement districts. This effect was contrary to the apparent intent of the amending act because its subsequent sections

referred specifically to the commissioners and their duties. There the act did not state any intention to either amend or repeal the sections of the old act which would have been, in effect, repealed. The court there said that a literal construction would have effected a repeal of the entire statute on the subject of improvement districts rather than an amendment of them. It was said that this result would have been contrary to the intent affirmatively shown by the title to the act.

I cannot see a parallel situation here. I think that the language of the text of the act clearly shows an intention to prevent only cities of the first class from decreasing official salaries and to eliminate all other restriction on the raising or lowering of the emoluments of municipal officials. Certainly the title of the act is not controlling, but if resort is had to it because the legislative intent expressed in the body of the act is unclear, I cannot find any limitation of the act's effect to cities of the first class. As I read the title, the purpose is to amend the specific section (or sentences) quoted in the majority opinion *and* to permit increase of salaries of municipal officials. Of course, the scope of the words ''municipal officials'' includes officials of cities of the second class and incorporated towns.

Furthermore, a literal construction of this act does not conflict with other sections of the same act, nor with other sections of the act amended. It would only affect the particular sentences purported to be amended. This is quite different from the situation in the *Trulock* case.

The wisdom of the elimination of other restraints on cities which were contained in the original section is not for us, but for the General Assembly.

I would reverse the trial court.

I am authorized to state that Harris, C. J., joins in this dissent.