The Honorable Lloyd C. McCuiston, Jr. State Representative 1501 N. Golf Link Cove West Memphis, Arkansas 72301-3867
Dear Representative McCuiston:
This is in response to your request for an opinion on the length of the term of office of a city treasurer in a city of the second class. Specifically, you have noted that such cities have authority to combine the offices of recorder and treasurer into that of "recorder-treasurer" (A.C.A. § 14-44-114) and that when this occurs, the recorder-treasurer is elected for a four year term. See A.C.A. § 14-44-115. There is some confusion, however, as to what the term of office is for a city treasurer in a city of the second class where the treasurer is not also the recorder.
The question you have posed is not clearly answered by the Arkansas Code. A detailed analysis of the history of the laws enacted relating to the terms of office of officials of cities of the second class in my opinion, however, supports the conclusion that a city treasurer in a city of the second class serves a two year term. Again, however, the issue in not entirely clear and would require a judicial ruling or legislative clarification to resolve the matter definitively.
In the early history of governance of cities of the second class, the mayor and aldermen were elected every year beginning in April 1875, and the marshal, recorder and city treasurer were elected "at the same time" as the mayor and aldermen. See Acts 1875, No. 1, §§ 48 and 49. The act was amended in 1881 to provide that the mayor and aldermen were elected beginning in April of 1881 and every two years thereafter. See Acts 1881, No. 16, § 1. Again, the marshal, recorder and treasurer were elected at the "same time" as the mayor and aldermen. See Acts 1881, No. 16, § 2. In 1887, a new act was enacted which provided expressly that the mayor, marshal, recorder, treasurer, and aldermen were to be elected beginning in April 1888 and every two years thereafter.See Acts 1887, No. 10, § 1. The exact language of Section 1 of this act read as follows:
 That the qualified voters of cities of the second class shall, on the first Tuesday in April, in the year eighteen hundred and eighty-eight, and on the same day every two years thereafter, elect one Mayor, one City Marshal, one Recorder, one City Treasurer, and for each of the wards of any such cities, two Aldermen, which Aldermen together with the Mayor shall compose the City Council.
The second section of this act impliedly repealed the language of the old law (Acts 1875, No. 1, § 49 and Acts 1881, No. 16), which merely bootstrapped the terms of office of the treasurer, marshal and recorder by providing for them to be elected at the "same time" as the mayor and alderman. In any event, however, under the new 1887 act they were still, as a practical matter, all elected at the same time. The repeal or superseding of this "same time" language was noted by the compilers to the Arkansas Statutes. See former Ark. Stat. Ann. § 19-1103 note (Repl. 1980). A version of this language, however, remains in the Arkansas Code at A.C.A. § 14-44-109(a). Apparently the language regarding these officers being elected at the "same time" as the mayor and aldermen was retained and changed by the Arkansas Code Revision Commission in 1987 to read "[a]t the time prescribed inthis subtitle, the qualified voters of the each city of the second class shall elect a city marshal, city recorder, and city treasurer. . . ." Emphasis added. There is no explanation in the publishers notes for this language change, and a problem arises because now there is no time "prescribed in this subtitle" for the election of either a city treasurer or a city marshal in a city of the second class.
In any event, however, the 1887 act, which provided for election of officers every two years, was clearly the state of the law in cities of the second class with respect to treasurers and marshals at least until 1981, when the legislature enacted Act 346 of 1981. (In the interim, however, the time of the election was changed to November of each year (see Acts 1949 No. 307); an act was passed to change the term of the office of mayor in cities of the second class from two to four years (see Acts 1965, No. 554, codified at A.C.A. § 14-44-105); and an act was passed to change the term of office of the recorder or recorder-treasurer from two to four years. See Acts 1969, No. 272, A.C.A. § 14-44-115. The terms of office of treasurers, marshals, and aldermen, however, were still governed by the 1887 act until passage of Act 346 of 1981.
Act 346 of 1981 was entitled "AN ACT to Provide that the Mayor Shall Not Be a Member of the Council In Cities of the Second Class; the Mayor Shall Have a Vote When Needed; the Mayor Shall Have Veto Power; and for Other Purposes." The Act provided that Section 1 of Act 10 of 1887 was "amended to read as follows," and then expressly set out only the time of election of aldermen as follows:
 The qualified voters in cities of the second class shall, on the Tuesday following the first Monday in November, 1982 and every two (2) years thereafter elect for each of the wards of any such cities two (2) aldermen, which aldermen shall compose the City Council.
The remainder of Section 1 deals with the powers of the mayor as noted in the title. Section 2 of the act contains a general repealer clause.
The problem this act created is that it amended Act 10 of 1887 which had set the terms of the mayor, aldermen, recorder, marshal and treasurer, "to read as follows" and then set the terms of aldermen, but failed to set any terms for the other officers. The terms of mayors, recorders, and recorder-treasurers had been otherwise set by laws enacted between 1887 and 1981, but this 1981 amendment, if construed to repeal the 1887 law with regard to marshals and treasurers, left no provision of law setting the terms of city marshals or city treasurers in cities of the second class.
The question presented therefore is whether the language of the 1887 act regarding treasurers and marshals was indeed repealed by this 1981 act. If not, the terms of these officers is still two years as provided in the 1887 act. If so, (if the 1887 has been amended away or repealed) there may be no provision of law setting the terms of office of the marshal and treasurer, or a question arises as to whether these officers should also serve four year terms because the mayor and recorder and recorder-treasurer do and because for this reason a four year term is "the time prescribed in this subtitle . . ." under A.C.A. § 14-44-109. A question may also arise under the language of the 1875 and 1881 acts as to whether the treasurer and marshal should be elected every four years because this is the "same time" as the mayor is elected, although aldermen are elected every two years.
In my opinion the answer to these questions may be found in the case of City of Manila v. Downing, 244 Ark. 442,425 S.W. 2d 528 (1968). In this case the city recorder of a second class city argued that a provision of an 1875 statute was still in force although a 1961 act which amended the statute "to read as follows" omitted the language on which she relied. The City argued that the omitted language had been repealed. The court recognized the City's contention of the usual rule that whenever a section of an existing statute is "amended to read as follows" there is necessarily a repeal of any language in the earlier section that does not appear in the re-enactment. The court noted, however, that this statement is not always true, and that even an "amending-to-read-as-follows statute" will not be construed to repeal omitted language in the earlier act if it clearly appears that no such repeal was intended by the legislature. The court found it impossible to believe that the legislature had intended to repeal the omitted statutory language in Downing, which was substantial in relation to the single sentence of the amendment. The court therefore held that the 1961 act repealed the 1875 act only to the extent that the two were in conflict. This was true even though the language of the 1875 act no longer appeared in the statute or anywhere else in the statutes of Arkansas.
Similarly, it is my opinion that a court would conclude that the legislature did not intend to repeal that portion of Act 10 of 1887 which sets the terms of office of the city marshal and city treasurer. There is simply no other provision of law which governs these terms, and there was no such law at the time of the adoption of the 1981 act. Additionally, the legislature is deemed to have knowledge of the fact that the 1875 and 1881 acts requiring the marshal and treasurer to be elected "at the same time" as the mayor and aldermen were superseded by the later 1887 act. See generally, McLeod v. Santa Fe Trail Transp. Co.,205 Ark. 225, 168 S.W.2d 413 (1943). Therefore the legislature is deemed to have knowledge that no other law on the books in 1981 governed the terms of treasurers and marshals. I cannot believe that it was the legislature*s intention to leave this gap in the law. The text of the 1981 amendment deals only with the selection of aldermen and powers of the mayor. These topics cannot be said to conflict with any prior law setting the terms of office of marshals and treasurers. Under the Downing decision, therefore, the provisions of the 1887 act regarding the terms of these officials can be said to be still effective and controlling.
As noted previously, the only other potentially applicable statutory provision governing the terms of these officers is A.C.A. § 14-44-109(a) (first sentence) (from the 1875 and 1881 acts), which as originally enacted, provided for the election of these officers "at the same time" as the mayor and aldermen. Although this language was retained and substantially modified by the Arkansas Code Revision Commission to read "[a]t the time prescribed in this subtitle . . ." the original language was repealed by the 1887 act. Even if I were to conclude that the 1887 act on this point had been repealed, it would not have had the effect of reviving the 1875 "same time" law. Seegenerally, A.C.A. § 1-2-120 (1987)(a) (when a statute is repealed and the repealing statute is afterwards repealed, the first statute shall not thereby be revived unless by express words). Even assuming the original "same time" language of the 1875 law is still effective, it would be impossible to apply. It provided for the election of the treasurer and marshal "at the same time" as the mayor and aldermen. The mayor and aldermen now serve varying terms — the mayor a four year term (A.C.A. §14-44-105) and the aldermen two year terms (A.C.A. § 14-44-103). Additionally, as noted previously, the language of A.C.A. §14-44-109, which was added by the Arkansas Code Revision Commission "at the time prescribed in this subtitle," cannot be given effect because there is no time set in the subtitle for the election and terms of a city marshal and city treasurer. It is therefore impossible to give effect to A.C.A. § 14-44-109(a) even were I to conclude that it were still effective.
For all the foregoing reasons, it is my opinion that a court would, in all likelihood, conclude that a city treasurer in a city of the second class serves a two year term under the provisions of Act 10 of 1887. Of course, the issue is not now entirely clear, and legislative clarification or a judicial decision would be required in order to resolve the question definitively.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh