Colonel Steve Dozier, Director Arkansas State Police 1 State Police Plaza Drive Little Rock, AR 72209-4822
Dear Colonel Dozier:
I am writing in response to your request for my opinion on the following questions:
 1. How do Act 968 and Act 1923 of 2005 alter the law regarding the releaseability of sealed/expunged convictions for non-criminal justice purposes?
 2. Does Act 1923 totally override and supersede Act 968 due to the fact that Act 1923 was passed after Act 968 during the session?
You note in your request that both acts amend the provisions of former A.C.A. § 20-48-804 (Supp. 2003), which details disqualifications from employment by providers of care to disabled adults. You seek my opinion on the effect of these acts in light of the principles I discussed in Ark. Ops. Att'y Gen. Nos. 2003-057 and 2003-183, which generally addressed disqualification from employment, licensure, certification and other activities based upon expunged convictions or pleas of guilty or nolo contendere under various statutes.
RESPONSE
In my opinion, Act 968 has no effect whatsoever on the law regarding the release of "sealed/expunged convictions for non-criminal justice purposes." By contrast, Act 1923 directly addresses the issue of expungements, adding to A.C.A. § 20-48-804, which you specifically reference in your request, a new subsection (f) that provides that expunged convictions for and pleas of guilty or nolo contendere to numerous offenses will not serve to disqualify candidates for employment by any provider of treatment to the developmentally disabled. Act 1923 contains similar provisions relating to the effect of expunged convictions or pleas of guilty or nolo contendere under a number of other statutes setting forth the conditions that will disqualify applicants for employment, licensure, certification and other activities. Given these provisions of Act 1923, I do not believe it would be permissible to release records relating to expungements under the referenced statutes. Although legislative clarification appears warranted, I believe the answer to your second question is "no."
Question 1: How do Act 968 and Act 1923 of 2005 alter the law regardingthe releaseability of sealed/expunged convictions for non-criminaljustice purposes?
In Opinions Nos. 2003-057 and 2003-183, I reviewed the somewhat confusing state of then current law regarding the circumstances under which an expunged conviction or plea of guilty or nolo contendere might serve as a disqualification from various types of employment, licensure, certification and other activities. Without repeating my analyses, I will simply note my conclusion that, subject to various qualifications, an applicant would be disqualified even though his conviction or plea of guilty or nolo contendere had been expunged. I further echoed previous declarations from this office that the law would be far clearer if the legislature expressly declared in what instances an expungement would not serve to remove a statutory disqualification.
I should note at the outset that Acts 968 and 1923 were enacted during the same legislative session. The former was approved on March 18, 2005, and the latter was approved on April 11, 2005. As discussed below, the terms of the two acts are not entirely consistent, triggering the application of various rules of statutory construction.
First, the cardinal rule is to give full effect to the will of the legislature. Flowers v. Norris, 347 Ark. 760, 765, 68 S.W.3d 289, 292
(2002) ("It is . . . axiomatic that in statutory interpretation matters, we are first and foremost concerned with ascertaining the intent of the General Assembly.") (citing State v. Havens, 337 Ark. 161, 987 S.W.2d 686
(1999)). A statute is construed just as it reads, giving the words their ordinary and usually accepted meaning in common language. Edwards v.State, 347 Ark. 364, 64 S.W.3d 706 (2002). Nothing is taken as intended that is not clearly expressed. State ex rel. Sargent v. Lewis,335 Ark. 188, 979 S.W.2d 894 (1998).
In addition, legislative enactments that are alleged to be in conflict must be reconciled, read together in a harmonious manner, and each given effect, if possible. Gritts v. State, 315 Ark. 1, 864 S.W.2d 859 (1993);City of Fort Smith v. Tate, 311 Ark. 405, 844 S.W.2d 356 (1993). Repeal by implication is not favored and is "never allowed except where there is such an invincible repugnancy between the former and later provisions that both cannot stand together." Donoho v. Donoho, 318 Ark. 637,887 S.W.2d 290 (1994). This is especially so in the case of acts passed during the same session of the General Assembly. Uilkie v. State,309 Ark. 48, 827 S.W.2d 131(1992); Love v. Hill, 297 Ark. 96, 759 S.W.2d 550
(1988). When two legislative enactments are in such irreconcilable conflict that both cannot stand together, the conflicting provisions of one are repealed by implication by the other. Donoho, 318 Ark. 637; WardSchool Bus Mfg., Inc. v. Fowler, 261 Ark. 100, 547 S.W.2d 394 (1977).
Moreover, a general statute normally does not apply where there is a specific statute governing a particular subject matter. Donoho v. Donoho,318 Ark. 637, 887 S.W.2d 290 (1994). Ordinarily, the provisions of an act adopted later in time repeal the conflicting provisions of an earlier act. Daniels v. City of Fort Smith, 268 Ark. 157, 594 S.W.2d 238 (1980). This rule also applies to conflicting acts passed in the same legislative session, Sargent v. Cole, 269 Ark. 121, 598 S.W.2d 749 (1980), although, in such a case, the ordinary presumption that the legislature did not intend a repeal by implication is strengthened. Merchants' Transfer Warehouse Co. v. Gates, 180 Ark. 96, 21 S.W.2d 406 (1929). With respect to such acts, A.C.A. § 1-2-207(b) provides:
 When more than one (1) act concerning the same subject matter is enacted by the General Assembly during the same session, whether or not specifically amending the same sections of the Arkansas Code or an uncodified act, all of the enactments shall be given effect except to the extent of irreconcilable conflicts in which case the conflicting provision of the last enactment shall prevail. The last enactment is the one which the Governor signed last.
The presumption, then, is that two acts passed during the same session that address the same subject were actuated by the same policy and that both were intended to be given effect. See Sutherland on StatutoryConstruction, § 23.17 (5th Ed., 1993); Adams v. Arthur,969 S.W.2d 598, 333 Ark. 53 (1998); Horn v. White, 225 Ark. 540,284 S.W.2d 122 (1955). However, the Arkansas Supreme Court has held that this rule must yield if doing so is necessary in order to effectuate legislative intent. Horn, supra. Moreover, the court has held that if two acts that are passed at the same legislative session contain conflicting clauses, the whole record of legislation will be examined to ascertain the legislative intent, and such intent, if ascertained, will be given effect, regardless of priority of enactment. Id.
Act 968 effected various changes to previous law relating to disqualifications from employment by providers of care to disabled adults. The act designates as A.C.A. § 20-48-804(a)(1)(B) a provision declaring that an applicant will be disqualified from employment with a service provider if the applicant "[i]s registered as a sex offender or is required to register as a sex offender." Subsection (c)(1)(D) echoes this disqualification. Subsection (b)(13) adds as a disqualifying offense second degree terroristic threatening. Subsection (b)(37) through (b)(65) further itemize various new offenses that will disqualify from employment an applicant who has been found guilty of or pleaded guilty or nolo contendere to the offenses. The act strikes from former subsection (c)(1) of the statute a provision that exempted from disqualification an individual who was convicted of a single offense listed in subsection (b) at least 10 years prior to the date of application and who was not convicted of any other crime within that 10-year period. A new subsection (c)(1)(B) provides that for any nonviolent misdemeanor listed in subsection (b) that does not constitute a sexual offense an applicant will be exempt from disqualification if he was convicted of the misdemeanor at least 5 years prior to the receipt of the background check request and the applicant has not been convicted of any other crime during this 5-year period. Subject to the same qualifications regarding violent or sexual offenses, a new subsection (c)(1)(C) provides a similar exemption for felony convictions obtained at least 10 years prior to the request for a background check. The act at no point mentions what might be the effect of an expungement on a candidate's eligibility for employment.
Act 1923, which is far broader in scope, bears the following title: "AN ACT TO PROVIDE THAT CERTAIN EXPUNGED OFFENSES DO NOT CAUSE DISQUALIFICATION FROM EMPLOYMENT, LICENSURE, CERTIFICATION, OR OTHER ACTIVITIES FOR PERSONS SUBJECT TO CRIMINAL BACKGROUND CHECKS UNDER ARKANSAS CODE §§ 9-28-409, 17-27-313, 17-87-312, 17-97-312, 17-103-307,20-13-1106, 20-33-205, 20-48-804, AND 21-15-103; AND FOR OTHER PURPOSES." As its name implies, this act resolves the confusion I noted in Opinion No. 2003-183 regarding the possibly disqualifying effect of expunged pleas or convictions upon various types of employment by providing, with certain exceptions, that an expungement effectively nullifies a conviction or plea of guilty or nolo contendere for purposes of employment, licensure or certification eligibility.[1] Specifically with respect to A.C.A. § 20-48-804, which is the subject of your request, the act adds to the statute subsection (f), which provides:
 For purposes of this section, an expunged record of a conviction or plea of guilty or nolo contendere to an offense listed in subsection (b) of this section shall not be considered a conviction, guilty plea, or nolo contendere plea to the offense unless the offense is also listed in subdivision (c)(2) of this section.
The referenced subsection (c)(2) lists as disqualifying offenses various serious felonies.
Aside from its addition of subsection (f) to the statute, Act 1923 differs from Act 968 primarily in that it itemizes a far shorter list of offenses under subsection (b) as constituting disqualifications from employment. Act 1923 tracks verbatim the list of disqualifications from employment set forth in the statute following the enactment of Acts 2003, Nos. 1087 and 1381, which in turn made only minor changes in the list from its initial enactment pursuant to Acts 2001, No. 1548, § 1. The question arises, then, what significance, if any, one should attach to the intermediate legislation enacted pursuant to Act 968[2] — or, more specifically, whether Act 1923 should be read as repealing by implication the additional list of disqualifying offenses set forth in Act 968.
In my opinion, although I consider the issue far from easily resolved, I believe this question should be answered in the negative. A leading commentator has stated the generally applicable rule of statutory construction as follows:
 Those provisions of the original act which are in irreconcilable conflict with the provisions of the amendatory act are impliedly repealed. When the amendatory act purports to set out the original act or section as amended, all matter in the act or section that is omitted in the amendment is considered repealed.
 The intent of the legislature to set out the original act or section as amended is most commonly indicated by a statement in the amendatory act that the original law is amended "to read as follows." The legislature thereby declares that the new statute is a substitute for the original act or section. Only those provisions of the original act or section repeated in the amendment are retained.
N.J. Singer, 1A Statutes and Statutory Construction (6th ed. 2002), § 22:32, at 382-86 (footnotes omitted). In Brockman v. Board of Directorsof Jefferson County Bridge District, 188 Ark. 396, 400, 66 S.W.2d 619
(1933), the Arkansas Supreme Court expressed this principle as follows:
 The Constitution provides the method for amending a law and requires that whatever part thereof is to be retained" shall be re-enacted and published at length." Article 5, 23. It is invariably held all of the section or law that is omitted and not re-enacted in the provisions of the amendatory act as proposed, is repealed. Applegate's Constitution of Arkansas Annotated, article 5, 23, p. 47, and cases cited.
Both Act 968 and Act 1923 contain declarations that they are amending A.C.A. § 20-48-804 "to read as follows." However, notwithstanding the categorical tone of the court's declaration in Brockman, I do not believe the legislature's use of the phrase just quoted automatically supports interpreting Act 1923, as the most recently approved legislation on the subject, as repealing by implication the list of disqualifying offenses recited in Act 968 and not repeated in Act 1923. As the court noted inCity of Manila v. Downing, 244 Ark. 442, 444-45, 425 S.W.2d 528 (1968):
 The city of Manila, citing Brockman v. Board of Directors of Jefferson Count Bridge Dist., 188 Ark. 396, 66 S.W.2d 619 (1933), insists that whenever a section of an existing statute is "amended to read as follows," there is necessarily a repeal of any language in the earlier section that does not appear in the re-enactment.
 That statement is usually true, but not always. Chief Justice McCulloch, in an opinion of great lucidity and persuasiveness, made the point in State ex rel. Atty. Gen. v. Trulock, 109 Ark. 556, 160 S.W. 516 (1913), that even an amending-to-read-as-follows statute will not be construed to repeal omitted language in the earlier act if it clearly appears that no such repeal was intended by the legislature. The solution to this problem of interpretation always depends upon the answer to that central question to which all other principles of statutory construction are secondary: What was the intention of the legislature?
See also Ark. Op. Att'y Gen. No. 94-263 (relying on City of Manila to opine that the legislature, notwithstanding its declaration that Act 10 of 1887 was "amended to read as follows" by Act 346 of 1981, did not intend to repeal by implication the provisions of the earlier act setting the terms of the mayor, recorder, marshal and treasurer). In his treatise, Professor Singer states as follows this exception to what he acknowledges is the general rule:
 However, this is merely a rule for determining the intent of the legislature. It is not absolute and must yield when the intent of the legislature is otherwise indicated to be to the contrary — that the provisions of the original act or section which were omitted are not repealed. Such an intent of the legislature may be indicated by a consideration of the amendatory act in its entirety, or by a consideration of the amendatory act and the unamended sections of the original act or code as a whole, or by contemporaneous legislation on the same subject, or by other circumstances surrounding the enactment of the amendment.
Singer, supra at § 22:32, at 386-88 (footnotes omitted).
Finally, Professor Singer articulates as follows a principle of statutory construction that I believe is of crucial significance in this case:
 [T]he rule concerning provisions omitted in a subsequent amendment reenacting the original act as amended is not absolute, and it is not applicable when the intent of the legislature is otherwise indicated to be to the contrary. Such intent has been held to be indicated by the fact that the title of the new amendment enumerates the specific changes made by it and fails to mention the repeal of the prior amendments. It was stated that with its subject matter thus limited, the prior amendments could not be constitutionally repealed by the subsequent amendment.
Id. at 391 (footnotes omitted; emphasis added). As previously noted, the title of Act 1923 merely notes that under a number of statutes relating to employment, licensure, certification and other activities, certain expunged offenses will not result in a candidate's disqualification. Under the principle of statutory construction just recited, this restriction of the title's scope, coupled with the failure to mention the repeal of any prior amendments, would support the conclusion that the legislature did not intend to repeal by implication the provisions of Act 968. In my opinion, this conclusion draws further support from the fact that the provisions of Act 1923 that itemize disqualifying offenses merely echo without any change the provisions in effect at the time the 2005 legislative session began. If the legislature had intended the enactment of Act 1923 to repeal the provisions of Act 968, it could have clearly expressed this intention in Act 1923 by reproducing and striking through the repealed provisions of the earlier Act. The legislature's failure to do so further suggests an intent in Act 1923 to address only the effect of expungements upon candidates' eligibility to hold certain positions, including work with the developmentally disabled. By contrast, Act 968, which at no point mentions the issue of expungements, appears designed only to modify the range of offenses that will disqualify an individual for employment by a provider of care to the developmentally disabled.
As I noted at the beginning of this opinion, particularly with respect to acts passed in the same legislative session, a court will consider an earlier enactment repealed by implication only if the later enactment conflicts irreconcilably with the earlier. Uilkie v. State, 309 Ark. 48,827 S.W.2d 131(1992); Love v. Hill, 297 Ark. 96, 759 S.W.2d 550 (1988);Ward School Bus Mfg., Inc. v. Fowler, 261 Ark. 100, 547 S.W.2d 394
(1977); Merchants' Transfer Warehouse Co. v. Gates, 180 Ark. 96,21 S.W.2d 406 (1929). In the present case, I do not believe any such irreconcilable conflict exists. Rather, I believe the legislature in Act 1923 was focusing on other issues and other sections of A.C.A. § 20-48-804 than those addressed in Act 968. Accordingly, I agree with the Arkansas Code Revision Commission's approach in codifying, on the one hand, all of the changes to existing law discussed above as enacted pursuant to Act 968 and further codifying, on the other, the provisions regarding the effect of expungements enacted pursuant to Act 1923. However, having ventured this opinion, I feel obliged to note that legislative clarification on this score appears warranted.
Question 2: Does Act 1923 totally override and supersede Act 968due to the fact that Act 1923 was passed after Act 968 during thesession?
As reflected in my response to your previous question, I believe the answer to this question is "no." Although A.C.A. § 1-2-207(b) would mandate giving effect only to Act 1923 as the later enactment in the event the two acts were deemed irreconcilably and completely to conflict, for the reasons discussed in my previous response, I do not believe any such irreconcilable conflict exists in this case.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] The enactment of Act 1293 may moot the issues raised in a case styled Doe and Roe v. DHS Office of Long Term Care, CV-03-10594 (Pulaski Co. 2nd Div.), which involves a challenge to the Office of Long Term Care's policy of barring from employment in nursing homes of certified nursing assistants who have had previous theft convictions expunged. The defendant in August filed a motion to dismiss for failure to prosecute this action. The court has not yet ruled on this motion.
[2] Although, as noted above, Act 968 was approved prior to Act 1923, because neither act contained an emergency clause, their effective dates were the same — namely, August 12, 2005. See Ark. Op. Att'y Gen. No.2005-110 (identifying the effective date of legislation lacking an emergency clause enacted during the 2005 legislative session).